UNITED STATES of America, Plaintiff–Appellee,

v.

Miguel Angel HERNANDEZ–ABRAHAM, a.k.a. Miguel Hernandez, Defendant–Appellant.

No. 13–11932
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Dec. 30, 2013.

Nicole D. Mariani, Wifredo A. Ferrer, Kathleen Mary Salyer, U.S. Attorney's Office, Miami, FL, Rinku Talwar Tribuiani, Robert H. Waters, Jr., U.S. Attorney's Office, West Palm Beach, FL, for Plaintiff–Appellee.

Peter Vincent Birch, Federal Public Defender's Office, West Palm Beach, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant–Appellant.

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Miguel Hernandez–Abraham appeals his 77–month sentence after pleading guilty to one count of illegal reentry into the United States after having been deported, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, he argues the district judge lacked authority to increase his sentence, based upon prior convictions that were neither charged in the indictment nor proved to a

jury beyond a reasonable doubt. We affirm.

We review constitutional sentencing issues de novo. *United States v. Steed,* 548 F.3d 961, 978 (11th Cir.2008) (per curiam). In *Almendarez–Torres v. United States,* 523 U.S. 224, 226–27, 118 S.Ct. 1219, 1222, 140 L.Ed.2d 350 (1998), the Supreme Court held the government does not need to prove beyond a reasonable doubt a defendant had prior convictions or allege those prior convictions in the indictment in order to use them to enhance a defendant's sentence under a federal statute. Although the Supreme Court has since expressed some doubt as to whether *Almendarez–Torres* was correctly decided, it has explicitly declined to revisit that decision. *Apprendi v. New Jersey,* 530 U.S. 466, 489–90, 120 S.Ct. 2348, 2362, 147 L.Ed.2d 435 (2000); *see also Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 2160 n. 1, 186 L.Ed.2d 314 (2013) (declining to revisit *Almendarez–Torres,* because the parties did not contest that decision). Rather, the Supreme Court has maintained, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63.

Furthermore, we since have held *Apprendi* did not overrule *Almendarez–Torres.* *United States v. Beckles,* 565 F.3d 832, 846 (11th Cir.2009); *United States v. Gibson,* 434 F.3d 1234, 1246–47 (11th Cir. 2006). We have also recognized that we are "bound to follow *Almendarez–Torres* unless and until the Supreme Court itself overrules that decision." *United States v. Thomas,* 242 F.3d 1028, 1035 (11th Cir. 2001). Because Hernandez–Abraham concedes binding precedent forecloses his argument, the district judge erred by en-

hancing his sentence based on prior convictions not charged in the indictment or proved to a jury beyond a reasonable doubt.

**AFFIRMED.**